IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05CR538 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S MOTION FOR |
| ROOSEVELT WILLIAMS, | ) | <u>LEAVE OF COURT TO DISMISS</u> |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, William J. Edwards, Acting United States Attorney, and Ronald B. Bakeman, Assistant United States Attorney, and provides this Honorable Court with the following response to defendant Willaims' motion for new trial.

Defendant Williams plead guilty to two counts of drug trafficking in violation of Title 21, Section 841(a)(1), United States Code, arising out of an investigation conducted in the City of Mansfield, Richland County, Ohio (hereinafter referred to as the "Mansfield investigation"), in which Jerrell Bray, an informant cooperating with the Drug Enforcement Administration

-2-

(DEA)[1] and local law enforcement departments, was a witness. Williams claims in his motion that "newly discovered evidence has arisen naming the informant for the government (Jerrell Bray) . . . lied".

On December 20, 2007, in case number 1:07CR650, assigned to District Court Judge Solomon Oliver, Jr., Jerrell Bray plead guilty to two counts of perjury and five counts of deprivation of civil rights. Specifically, as it pertains to the instant case, and to the civil rights violations, Bray pled guilty to Count 3 depriving Williams of his civil rights.

Based on Bray's guilty plea, the government carefully and exhaustively reviewed all the evidence in the Mansfield investigation as it pertains to Roosevelt Williams and others. As it pertains to Williams' motion for a new trial, he does not claim that he is innocent of the charges (drug distributions occurring on July 19, 2005 and August 4, 2005) to which he pled guilty. Further, the review did not disclose any evidence of the defendant's innocence as to the counts to which he pled guilty. As to the third count, the drug distribution occurring on October 5, 2005, that charge was dismissed. A review of the evidence as

---

[1] Bray signed an Agreement with DEA on or about August 10, 2005, to act in the capacity of a confidential source. Pursuant to said agreement Bray agreed that he would always be truthful and that he would not engage in any conduct which would constitute perjury or the fabrication of evidence.

-3-

it pertains to the dismissed count and Bray's guilty plea to violating Williams civil rights as to that count, the review did disclose evidence tending to show the innocence of Williams. Based on the collective review of all the evidence, as to all counts, it was determined that Bray is an essential witness to the charges for which Williams plead guilty and the charge that was dismissed. Further, the government has concluded that Bray's illegal conduct was so pervasive and his credibility so tainted by his guilty plea to one of Williams' drug transactions, that Williams should be entitled to withdraw his guilty plea. Accordingly, the government has no objection to this Honorable Court granting the defendant's motion previously set forth to the extent that said pleading has attacked the credibility of Jerrell Bray.

Assuming *arguendo*, that this Court grants Williams' motion and the case is remanded to the district court for further proceedings, the government has additionally reviewed the evidence in light of proceeding to trial as to Williams. In this regard, the government has concluded, as previously noted, that Bray, as an essential witness, is not reliable or credible. The government also noted in reviewing the evidence that the defendant made voluntary statements to law enforcement admitting his role in the distribution of crack cocaine in the greater Mansfield area. Despite these admissions, based on the

-4-

government's abiding belief in our system of justice and fundamental fairness, Bray's illegal conduct in the Mansfield investigation (violating peoples' civil rights and committing perjury before this Court) is so pervasive that it leaves the government with no alternative other than to conclude that these matters must be dismissed.  Accordingly, for all the reasons set forth herein, the government moves this Honorable Court, in the interest of justice, for leave of court to dismiss all charges currently pending against the above captioned defendant.

                                  Respectfully submitted,

                                  WILLIAM J. EDWARDS
                                Acting United States Attorney

                By:   s/ Ronald B. Bakeman
                      Ronald B. Bakeman
                      Assistant United States Attorney
                      Registration No. 003363
                      400 United States Court House
                      801 West Superior Ave
                      Cleveland, Ohio 44113
                      Telephone: 216-622-3870
                      Facsimile: 216-522-7499
                      Ronald.Bakeman@usdoj.gov

-5-

**CERTIFICATE OF SERVICE**

A copy of the foregoing Government's Motion for Leave of Court to Dismiss, was filed electronically with the Court on this 3rd day of March, 2008.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    s/Ronald B. Bakeman  
                                                  Ronald B. Bakeman  
                                                  Assistant United States Attorney